UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WIESLAW FILIMOWICZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:23-cv-00283-MTS |
| ) | |
| EXPLORER TRANSPORT INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on proposed Plaintiff-in-Intervention LM General Insurance Corporation's Motion to Intervene. Doc. [46]. Proposed Plaintiff-in-Intervention has disregarded multiple rules in its attempt to intervene here. First, it failed to include a Memorandum in Support of its Motion. *See* E.D. Mo. L.R. 4.01(A). Next, it failed to accompany its Motion with "a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). It also failed to file a disclosure statement. *See* Fed. R. Civ. P. 7.1; *accord* E.D. Mo. L.R. 2.09.

These failures have left the Court unable to determine whether it even would have subject matter jurisdiction over this matter if intervention were allowed, something proposed Plaintiff-in-Intervention does not seem even to have considered. *See St. Paul Fire & Marine Ins. Co. v. Helena Marine Serv., Inc.*, 884 F.2d 391, 393 (8th Cir. 1989) (discussing subject matter jurisdiction considerations in the context of permissive intervention); *Contimortgage Corp. v. Anglezis*, 173 F. App'x 458, 464 (7th Cir. 2006) (same); *Hensley v. Hartford Cas. Ins. Co.*, 113 F.4th 1327, 1332 (11th Cir. 2024)

(discussing subject matter jurisdiction considerations in the context of intervention as of right of indispensable parties); *see also Yorkshire P'ship, Ltd. v. Pac. Cap. Partners*, 154 F.R.D. 141, 142 (M.D. La. 1993) (court lacked jurisdiction over state-law claims of party seeking to intervene as plaintiff where the intervenor and the plaintiff in the main action were nondiverse (citing 28 U.S.C. § 1367(b))).

Accordingly,

**IT IS HEREBY ORDERED** that proposed Plaintiff-in-Intervention LM General Insurance Corporation's Motion to Intervene, Doc. [46], is **DENIED** without prejudice. Proposed Plaintiff-in-Intervention has through **Monday**, **December 16, 2024**, to file an Amended Motion to Intervene addressing the points raised herein.  Failure to do so timely may result in the summary denial of any later motion.*

Dated this 5th day of December 2024.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

* *Cf.* Fed. R. Civ. P. 24(a), (b)(1) (requiring motions to intervene to be "timely").