**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| WIESLAW FILIMOWICZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:23-cv-00283-MTS |
| | ) | |
| EXPLORER TRANSPORT INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM OPINION</u>

Thirteen months ago, the Court set this matter for a jury trial to commence on September 22, 2025.  Doc. [40].  Since then, the Court repeatedly has reminded the parties of this date.  *See* Doc. [77] (noting "no party has presented the Court with good cause to postpone the trial" and that it remained set to begin "on September 22, 2025"); Doc. [84] (noting "the trial in this matter remains set for September 22, 2025"); *see also Filimowicz v. Matteuzzi*, 4:25-cv-0420-MTS, ECF No. 15 (E.D. Mo. June 16, 2025) (noting that the instant matter "remains open and remains set for trial beginning September 22, 2025").  Three weeks ago, the Court issued a Trial Setting Order setting pretrial filing deadlines.  Doc. [85].

Besides the standard pretrial filing deadlines, the Court required Plaintiff, who has "limited command" of English, *see* Doc. [92], to secure a translator[*] both for the pretrial conference and for the entirety of the trial, a trial whose start date has been set for over a

---

[*] Plaintiff has been aware of his responsibility to secure a translator since at least June 20, 2024. *See* Doc. [32] (citing, inter alia, *Rosado v. Berryhill*, 8:17-cv-03037-TGW, 2019 WL 13246790, at *1 (M.D. Fla. Jan. 10, 2019) (explaining there is no requirement for the court to provide interpreters for non-English speaking litigants in pro se civil actions)).

year.  The Court required Plaintiff to file a Notice with the Court indicating that he had secured a translator and identifying the translator no later than August 26, 2025.  Plaintiff failed to do so.  Instead, he filed papers, *see* Doc. [92], that indicate he is still looking for a translator for both the pretrial conference a mere thirteen days from now and the trial itself—a trial that has been set for a date certain for more than a year.  His filings also indicate that he did not begin to look for the translator until last week.  *Id.*

What is more, Plaintiff has so far not timely filed any of his pretrial filings.  He filed his witness list, deposition designations, and exhibit list days after the ordered deadline.  He provided no explanation or justification for doing so.  *See* Fed. R. Civ. P. 6(b)(1)(B).  The Court explicitly warned in the trial setting Order that "[t]he failure to comply with any part of this Order may result in the imposition of **SANCTIONS** up to and including **dismissal of the action or the striking of pleadings in whole or in part**." Doc. [85] (citing Fed. R. Civ. P. 16(f), 37(b)(2)(A)(ii)–(vii)).

Given Plaintiff's noncompliance and the reality that he is not presently prepared to try this matter, the Court will dismiss this action without prejudice.  The Court does not do so lightly.  While disregarding a court order always is serious, the Court is not simply dismissing this action because Plaintiff has disobeyed an order and therefore offended the dignity of the Court.  *See Hutchins v. A.G. Edwards & Sons, Inc.*, 116 F.3d 1256, 1259 (8th Cir. 1997) ("A district court has the power to dismiss a litigant's cause of action when the litigant fails to comply with the court's orders."); *cf. White v. Williams*, 423 F. App'x 645, 647 (7th Cir. 2011) ("Dismissal may be appropriate when a party has shown a lack of respect for the court or proceedings.").  The Court will dismiss this action

because jury trials are too taxing to prepare for in vain. They require significant investment from the Court, the Office of the Clerk of Court, the opposing party, and—perhaps most importantly—members of the public. *See Terra Firma Invs. (GP) 2 Ltd. v. Citigroup Inc.*, 716 F.3d 296, 298 (2d Cir. 2013) ("Jury trials are expensive, in time and resources, both for the litigating parties and for society as a whole."); *Noble v. Am. Nat'l Prop. & Cas. Ins. Co.*, 297 F. Supp. 3d 998, 1012 (D.S.D. 2018) ("Jury trials, a critical feature of our justice system, are time-consuming.").

The Court will not require Defendants, Court personnel, and venire members to suffer such expense and inconvenience while Plaintiff is "inexcusably unprepared" for a trial that has been set for more than a year. *See Cunningham v. Washington*, 16 F. App'x 502, 506 (7th Cir. 2001) ("Dismissal of a case is appropriate when a plaintiff is inexcusably unprepared or unwilling to proceed on the date scheduled for trial."). The Court therefore invokes its power "of ancient origin" to dismiss this action. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629–30, 82 (1962). The Court will not wait until the evening before trial to do so when Plaintiff already has shown his inability to be prepared as ordered. *See United States v. Redwood*, 216 F. Supp. 3d 890, 900 (N.D. Ill. 2016) (St. Eve, J.) ("The Court has been willing to forgive the occasional missed deadline, but at some point the deadlines are essential for effective preparation, especially as trial rapidly approaches."). Waiting would only incur the expenditure of even more of the "time and money . . . inherent to a jury trial" by the Court and Defendants (e.g., drafting and reviewing jury instructions, trial briefs, and motions *in limine*). *See Hildebrand v. Bd. of Trs. of Mich. State Univ.*, 607 F.2d 705, 710 (6th Cir. 1979).

For the reasons, the Court will enter herewith an Order of Dismissal, dismissing this action without prejudice.  *See* Fed. R. Civ. P. 16(f)(1)(C).

Dated this 27th day of August 2025.

_____

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE